**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**JORGE L. NIEBLA,**

      **Plaintiff,**

**vs.**                                        **Case No. 4:06cv134-RH/WCS**

**FLORIDA PAROLE COMMISSION,**

      **Defendant.**

_____/


## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, an inmate incarcerated in the Florida Department of Corrections, submitted a civil rights complaint on March 23, 2006, doc. 1, but did not pay the filing fee.  Plaintiff also did not seek *in forma pauperis* status and, thus, an order was entered directing Plaintiff to take one of those two actions.  Doc. 3.  When Plaintiff failed to comply with that order, a report and recommendation was entered.  Doc. 4.  Thereafter, Plaintiff filed a motion for reconsideration, doc. 5, which was granted and the report and recommendation was vacated.  Doc. 6.  Plaintiff was then given additional time to either pay the filing fee or submit a properly completed *in forma pauperis* motion.  *Id.*  After Plaintiff filed a notice of change of address, doc. 7, another order was entered giving Plaintiff until August 11, 2006, to comply with the prior orders.  Doc. 8.

On August 14th, Plaintiff submitted another motion for reconsideration.  Doc. 9.
The motion for reconsideration, doc. 9, has been granted in a separate order issued this
day to the extent that this case and the prior orders have been reviewed.

Having made that review, it has now been discovered that Plaintiff has incurred
*more* than three "strikes" under 28 U.S.C. § 1915(g).[1]  In case 4:06cv357-MP/WCS, a
report and recommendation is now pending, finding Plaintiff is not entitled to *in forma
pauperis* status and recommending dismissal.  This case should be similarly dismissed.[2]

Pursuant to 28 U.S.C. § 1915(g), Plaintiff is not entitled to proceed in federal
court without full prepayment of the filing fee at the time of submission of the complaint.
Plaintiff's claims in this case are against the Florida Parole Commission.  There are no
claims which would bring Plaintiff within the "imminent danger" exception for proceeding
with *in forma pauperis* status as this Defendant is not in contact with Plaintiff.  28 U.S.C.
§ 1915(g).  Therefor, this case must be dismissed without prejudice to Plaintiff refiling
the case and simultaneously submitting the full filing fee.  *See* Dupree v. Palmer, 284
F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's
complaint, doc. 1, be **DISMISSED without prejudice** because Plaintiff is barred by 28

---

[1] Among those cases dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) are:
9:02cv81055, 1:01cv4326, 8:01cv914, 8:01cv143, 8:00cv2306, 3:05cv230, 4:05cv235,
and 4:05cv275.  *See* case 4:06cv145 in this district which dismissed another of
Plaintiff's cases under the authority of 28 U.S.C. § 1915(g).

[2] Plaintiff does not identify his prior cases on the complaint form.  Doc. 1.
Instead, Plaintiff writes, "see record," but then fails to provide any record.  This is an
intentional act on Plaintiff's part to obtain *in forma pauperis* status and not affirmatively
disclose his prior § 1915 dismissals.

U.S.C. § 1916(g) from initiating a civil rights case in federal court without full payment of

the filing fee at the time he submits the complaint.

      **IN CHAMBERS** at Tallahassee, Florida, on August 18, 2006.


                        **s/    William C. Sherrill, Jr.**
                        **WILLIAM C. SHERRILL, JR.**
                        **UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**